[Civ. No. 5078.   Third Appellate District.—May 14, 1934.]

WINIFRED C. WRIGHT, Respondent, v. M. E. HARRIS et al., Appellants.

William V. Cowan and L. N. Lorenzen for Appellants.

Allen & McNamara for Respondent.

PULLEN, P. J.—As propounded by appellants "the sole point of this appeal concerns the interpretation of the first California Moratorium Law (Stats. 1933, chap. 30), which went into effect March 10, 1933, for 60 days, to May 10, 1933; appellants contend that said law was meant to stop the advertising of a contemplated sale as well as the actual sale itself under a deed of trust".

From the agreed statement of facts it appears that on June 29, 1931, defendants, as trustors, conveyed to Title Insurance & Guaranty Company, a corporation, as trustee for Winifred C. Wright, certain lands as security for the repayment of a promissory note. Subsequent to the execution of the deed of trust defendants paid no interest on the note nor the taxes levied and assessed against the property, and on January 13, 1933, plaintiff caused to be recorded in the proper office a notice of breach and election to sell under said deed of trust. Ninety days after the recording of such notice of default and election to sell, that is, on April 20, 1933, plaintiff commenced publication of notice of sale of said property under the deed of trust, setting the date of sale for May 13, 1933.

It was further stipulated that notice of the sale was posted and published as required by law and the giving of said notice was in all respects in conformity with the law, except that defendants claim said notice was invalid by reason of the fact that said notice was given and the posting and publication thereof done while the moratorium referred

to was still in effect. The property was sold by the trustee and defendants, refusing to surrender possession, this action was brought, and from the judgment of eviction they appealed.

Plaintiff alleges that defendants have not pleaded facts which bring them within the provisions of the moratorium statute in that it does not appear that the property sold was of the dwelling-house in which the owner resided, nor of any of the necessary outbuildings or of land upon which the same were situated, and necessary for the convenient use thereof nor of lands used by the owner for farming or ranch operations conducted by him or under his immediate supervision or of any interest therein. They further claim that the sale itself was not held during the period of the moratorium, and was therefore not prohibited by the statute.

We are of the opinion that respondent is correct in both contentions. Undoubtedly appellants must bring themselves within the provisions of the act in order to claim the benefits thereof, and to do so it must appear from the record that the sale complained of was of the dwelling-house in which the trustor resided or of any necessary outbuildings or the land upon which it was situated or of lands used by the trustor in farming or ranch operations conducted by him or under his immediate supervision. These facts do not appear from the record.

It is also apparent from the language of the act that the word "sale" is there used in its ordinary accepted understanding, that is, a transfer of property or goods to the buyer for a consideration (sec. 1721, Civ. Code) and does not, as claimed by defendant, include the preliminary steps leading up to the actual transfer. The statute was enacted to prevent owners of the particular types of property as therein described from being deprived of ownership during the period prescribed. Defendants were not deprived of any rights in their property until after the expiration of the period prescribed by the act.

The judgment must be and is therefore affirmed.

Thompson, J., and Plummer J., concurred.